**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DELTA RF TECHNOLOGY, Inc.,
A Nevada corporation,

    Plaintiff,

v.                                     CASE NUMBER:  5:09-CV-373-OC-10GRJ

RIIMIC, LLC d/b/a SUNAIR
ELECTRONICS, a Florida limited
liability corporation, and COMMUNCIATIONS
HOLDINGS, LLC, a Florida limited liability
company f/k/a SUNAIR ELECTRONIC'S, LLC,

    Defendants.
_____/

DEFENDANT RIIMIC, LLC's MOTION TO AMEND

# EXHIBIT A

**FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIM OF DEFENDANT RIIMIC, LLC**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DELTA RF TECHNOLOGY, INC.,
a Nevada corporation,

    Plaintiff,

v.

RIIMIC, LLC d/b/a SUNAIR ELECTRONICS, a
Florida limited liability corporation, and
COMMUNICATIONS HOLDINGS, LLC, a Florida
limited liability company, f/k/a/ SUNAIR
ELECTRONICS, LLC.

    Defendants.

CASE NO. 5:09-cv-373-Oc -10GRJ

_____/

## FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT RIIMIC, LLC

Defendant, RIIMIC, LLC ("RIIMIC"), for its First Amended Answer, Affirmative Defenses, and Counterclaim to the Complaint, states:

1. RIIMIC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore denies the same.

2. RIIMIC denies the allegations set forth in paragraph 2 of the Complaint, except to admit that it is a Florida limited liability company with a facility located at 3400 S.W. 60th Avenue, Ocala, Florida 34473.

3. RIIMIC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, and therefore denies the same, except to admit that Sunair Electronics LLC's former principal place of business was located at 3400 S.W. 60th Avenue, Ocala, Florida 34473.

4. RIIMIC denies the allegations set forth in paragraph 4 of the Complaint, except to admit that this Court has subject matter jurisdiction over this matter and that there is complete diversity of citizenship between the parties.

5. RIIMIC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and therefore denies the same.

6. RIIMIC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and therefore denies the same, except to state that Purchase Order 223 speaks for itself. To the extent that the allegations of paragraph 6 misrepresent any term of Purchase Order 223, those allegations are denied.

7. RIIMIC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore denies the same.

8. RIIMIC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies the same.

9. RIIMIC denies the allegations set forth in paragraph 9 of the Complaint, except to admit that on March 2, 2009 it issued to Delta RF Technology, Inc. ("Delta") Purchase Order No. B0361, and to state that Purchase Order No. B0361 speaks for itself. To the extent that the allegations of paragraph 9 misrepresent any term of Purchase Order B0361, those allegations are denied..

10. RIIMIC denies the allegations set forth in paragraph 10 of the Complaint, except to admit that it entered into an agreement with Delta on March 9, 2009.

11. RIIMIC denies the allegations set forth in paragraph 11 of the Complaint.

12. RIIMIC denies the allegations set forth in paragraph 12 of the Complaint.

13. RIIMIC denies the allegations set forth in paragraph 13 of the Complaint.

14. RIIMIC denies the allegations set forth in paragraph 14 of the Complaint.

### COUNT I
### BREACH OF CONTRACT
(RIIMIC)

15. RIIMIC reasserts its responses to paragraphs 1 through 14 as set forth above.

16. RIIMIC admits the allegations set forth in paragraph 16 of the Complaint.

17. RIIMIC denies the allegations set forth in paragraph 17 of the Complaint.

18. RIIMIC denies the allegations set forth in paragraph 18 of the Complaint.

### COUNT II
### BREACH OF CONTRACT
(RIIMIC AND COMMUNICATIONS HOLDINGS f/k/a SUNAIR ELECTRONICS, LLC)

19. RIIMIC reasserts its responses to paragraphs 1 through 14 as set forth above.

20. RIIMIC denies the allegations set forth in paragraph 20 of the Complaint, except to admit that Delta and Communications Holdings f/k/a Sunair Electronics, LLC entered into the agreement evidenced by Purchase Order 223.

21. RIIMIC denies the allegations set forth in paragraph 21 of the Complaint.

22. RIIMIC denies the allegations set forth in paragraph 22 of the Complaint.

## AMENDED AFFIMATIVE DEFENSES

### First Affirmative Defense

Delta expressly waived any and all claims arising from Purchase Orders 223 and B0361 in paragraph 4 of the March 9, 2009 Agreement between RIIMIC and Delta.

### Second Affirmative Defense

Delta's breach of the March 9, 2009 Agreement bars any claims it alleges against RIIMIC and relieves RIIMIC of its obligations under that Agreement.

### Third Affirmative Defense

To the extent that RIIMIC owes any amounts to Delta, such amounts are subject to set-off by amounts Delta owes to RIIMIC.

### Fourth Affirmative Defense

To the extent that RIIMIC accepted Delta's units, it properly revoked its acceptance.

## FIRST AMENDED COUNTERCLAIM

Defendant/Counter-Plaintiff, RIIMIC, brings the following counterclaims and alleges as follows:

1. Defendant/Counter-Plaintiff RIIMIC is a Florida limited liability company with its principal place of business in Fort Lauderdale, Florida.

2. Plaintiff/Counter-Defendant Delta RF Technology, LLC ("Delta") is a Nevada corporation that does business throughout the State of Florida. Delta engineers, manufactures, assembles, and supplies high-frequency RF amplifiers and accessories.

3. This Court has jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity between the parties.

4.  Venue in this action is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this district.

### Background

5.  On May 12, 2008, Sunair Electronics, LLC ("Sunair"), offered to purchase eight high-power amplifier systems ("Systems 1 through 8") from Delta. That offer is reflected in Purchase Order No. 223 (the "First Purchase Order"), which is attached to the Complaint in this action as Exhibit 1. The First Purchase Order was subject to Sunair's standard terms and conditions.

6.  Pursuant to the First Purchase Order, the first two of the eight amplifier systems contracted for ("Systems 1 and 2") were to be delivered to Sunair on October 15, 2008, but Delta was unable to meet that deadline.

7.  RIIIMIC purchased substantially all of Sunair's assets in February 2009 and agreed to assume certain of Sunair's rights and obligations under the First Purchase Order. Shortly thereafter, Delta informed RIIMIC that it could not perform its obligations under the First Purchase Order without first receiving additional funds from RIIMIC.

8.  In response, on March 2, 2009, RIIMIC issued Purchase Order No. B0361 (the "Second Purchase Order"), a copy of which is attached to the Complaint in this action as Exhibit 3. The Second Purchase Order was for the same eight amplifier systems as the First Purchase Order, and provided that those systems were to meet or exceed certain performance specifications. The Second Purchase Order was also subject to Sunair's standard terms and conditions.

9.  The Second Purchase Order also amended the First Purchase Order's terms of payment, set a March 9, 2009 delivery date for Systems 1 & 2, and specified that Sunair would have the opportunity to test Systems 1 and 2 to ensure that the amplifiers performed according to specifications before acceptance and delivery would be complete.

10.  RIIMIC and Delta supplemented the First and Second Purchase Orders by agreement dated March 9, 2009 to clarify the parties' rights and obligations under the Purchase Orders. A copy of the March 9, 2009 Agreement is attached to the Complaint in this action as Exhibit 4.

11.  The March 9, 2009 Agreement did not modify the timetable according to which Delta was to deliver Systems 1 through 8.

12. The March 9, 2009 Agreement did not modify Delta's obligation to ensure that Systems 1 through 8 met the performance specifications described in the Second Purchase Order.

13. The March 9, 2009 Agreement provided that Delta "ratifie[d] and confirm[ed] in all respects the Contract and each of its obligations thereunder." That Agreement defined "the Contract" as "those certain Purchase Orders #223, dated May 12, 2008 and amended February 27, 2009, and B-0361, dated March 2, 2009."

14. The high-power amplifier systems described in the Agreement are "goods" within the meaning of the Uniform Commercial Code Article 2 and Fla. Stat. Section 672.

15. Delta delivered Systems 1 & 2 to the Canary Islands for testing in May 2009. Neither system performed to specifications. As a result, RIIMIC has not accepted delivery of either system.

16. In the summer of 2009, Delta indicated to RIIMIC that it did not have the funds to build the remaining six systems.

17. Delta never delivered any of the remaining six systems to RIIMIC.

18. To date, RIIMIC has paid Delta approximately $333,924.86 pursuant to the First and Second Purchase Orders, and the March 9, 2009 Agreement.

19. RIIMIC has also incurred substantial fees and expenses related to the design, production, and testing of Systems 1 & 2.

20. All conditions precedent to the filing of this Counterclaim have occurred or been satisfied.

## COUNT I
**(Breach of Contract)**

21. RIIMIC re-alleges and incorporates paragraphs 1 through 20 of the First Amended Counterclaim as if set forth in their entirety herein.

22. RIIMIC and Delta entered into the March 9, 2009 Agreement, a copy of which is attached to the Complaint as Exhibit 4.

23. Delta confirmed and ratified each of its obligations under the Contract, as that term is defined in the March 9, 2009 Agreement, when it signed the March 9, 2009 Agreement. Delta

breached the March 9, 2009 Agreement by failing to deliver any of the high-power amplifier systems described in the Agreement on time.

24. Delta breached the March 9, 2009 Agreement by failing to deliver any of the high power amplifier systems described in the Agreement according to the performance specifications set forth in the Second Purchase Order.

25. Delta repudiated the March 9, 2009 Agreement by admitting that it lacked sufficient funds to perform.

26. RIIMIC has suffered damages as a result of Delta's breach.

## COUNT II
### (Breach of Express Warranty)

27. RIIMIC re-alleges and incorporates paragraphs 1 through 20 of the First Amended Counterclaim as if set forth in their entirety herein.

28. Delta represented to RIIMIC that the amplifier systems it would build would meet or exceed the specifications found in the Second Purchase Order. RIIMIC relied upon this representation in deciding to enter into the Second Purchase Order and the March 9, 2009 Agreement.

29. When Systems 1 & 2 were installed on site at the Canary Islands, multiple faults and defects became apparent which made their operation impossible, and which constituted failures to meet the specifications found in the Second Purchase Order.

30. RIIMIC has suffered damages as a result of Delta's breach.

## COUNT III
### (Breach of Implied Warranty)

31. RIIMIC re-alleges and incorporates paragraphs 1 through 20 of the First Amended Counterclaim as if set forth in their entirety herein.

32. Delta was aware, since 2007, of the eight high-power amplifier systems' intended purpose, of the locations where they would be installed, and the identity of the systems' ultimate user.

33. RIIMIC paid Delta to design the systems, and relied on Delta's skill and judgment to furnish suitable goods.

34. When Systems 1 & 2 were installed on site at the Canary Islands, multiple faults and defects became apparent which made their operation impossible, and which made the systems unsuitable for their intended purpose.

35. RIIMIC has suffered damages as a result of Delta's breach

## COUNT IV
### (Fraud in the Inducement)

36. RIIMIC re-alleges and incorporates paragraphs 1 through 20 of the First Amended Counterclaim as if set forth in their entirety herein.

37. Delta induced RIIMIC to execute the Second Purchase Order (and, by extension, the March 9, 2009 Agreement) by misrepresenting its ability to deliver eight amplifier systems according to the schedule found on the Second Purchase Order, and the actual state of completion of the Systems 1 & 2.

38. Under that schedule, Delta was to have delivered the first two units one week later, on March 9, 2009, the next two on March 31, 2009, and the remainder within a few months.

39. In actuality, Delta was unprepared, from both the engineering and financial point of view, to meet the schedule and specifications. Delta knew or reasonably should have known that it would be unable to meet the schedule and specifications that it had represented to RIIMIC it would be able to meet.

40. RIIMIC, which had assumed certain of Sunair's rights concerning the amplifier systems only a few weeks before the Second Purchase Order was executed, reasonably relied upon Delta's representations concerning its ability to meet the schedule and specifications.

41. RIIMIC has suffered damages as a result of its justifiable reliance on Delta's representations.

## COUNT V
### (FDUTPA)

42. RIIMIC re-alleges and incorporates paragraphs 1 through 20 of the First Amended Counterclaim as if set forth in their entirety herein.

43. Delta induced RIIMIC to execute the Second Purchase Order (and, by extension, the March 9, 2009 Agreement) by misrepresenting its ability to deliver eight amplifier systems according

to the schedule found on the Second Purchase Order, and the actual state of completion of the Systems 1 & 2.

44. Under that schedule, Delta was to have delivered the first two units one week later, on March 9, 2009, the next two on March 31, 2009, and the remainder within a few months.

45. In actuality, Delta was unprepared, from both the engineering and financial point of view, to meet the schedule and specifications. Delta knew or reasonably should have known that it would be unable to meet the schedule and specifications that it had represented to RIIMIC it would be able to meet.

46. RIIMIC, which had assumed certain of Sunair's rights concerning the amplifier systems only a few weeks before the Second Purchase Order was executed, was deceived by Delta's representations concerning its ability to meet the Second Purchase Order's schedule and specifications.

47. RIIMIC has suffered damages as a result of its justifiable reliance on Delta's representations and actions. These actions and representations constitute a deceptive act or unfair practice under Fla. Stat. §501.201 *et seq*.

WHEREFORE, Defendant/Counter-Plaintiff RIIMIC, LLC demands judgment against Delta for damages, prejudgment interest, attorney's fees and costs, and any further relief the Court deems appropriate.

Respectfully submitted,

KOZYAK, TROPIN & THROCKMORTON, P.A.
Attorneys for Defendant RIIMIC, LLC
2525 Ponce de Leon Blvd., Ninth Floor
Coral Gables, FL 33134
(305) 372-1800
(305) 372-3508 (Facsimile)

By: /s/ Jorge Schmidt
Florida Bar No. 781711
js@kttlaw.com