UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DELTA RF TECHNOLOGY, Inc.,
A Nevada corporation,

    Plaintiff,

v.                                          CASE NUMBER:  5:09-CV-373-OC-10GRJ

RIIMIC, LLC d/b/a SUNAIR
ELECTRONICS, a Florida limited
liability corporation, and COMMUNCIATIONS
HOLDINGS, LLC, a Florida limited liability
company f/k/a SUNAIR ELECTRONIC'S, LLC,

    Defendants.
_____/

DEFENDANT RIIMIC, LLC's MOTION TO AMEND

# EXHIBIT B

**Affidavit of Jorge Schmidt, Esq. in Support of RIIMIC, LLC's Motion for Leave to Amend**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DELTA RF TECHNOLOGY, Inc.,
A Nevada corporation,

      Plaintiff,

v.                                      CASE NUMBER: 5:09-CV-373-OC-10GRJ

RIIMIC, LLC d/b/a SUNAIR
ELECTRONICS, a Florida limited
liability corporation, and COMMUNCIATIONS
HOLDINGS, LLC, a Florida limited liability
company f/k/a SUNAIR ELECTRONIC'S, LLC,

      Defendants.
_____/

### Affidavit of Jorge Schmidt, Esq. in Support of RIIMIC, LLC's Motion for Leave to Amend

1. My name is Jorge Schmidt. I am over the age of 21, and I am competent to make this Affidavit. All statements made herein are based upon my personal knowledge and are true.

2. I am an attorney at the firm of Kozyak, Tropin & Throckmorton, P.A. The firm has represented Defendant/Counterclaim Plaintiff RIIMIC, LLC since December 18, 2009.

3. On February 9, 2010, the parties agreed to meet face-to-face to try to resolve this dispute. That agreement to meet later became an agreement to mediate, when counsel for the parties concluded that a mediator would increase the likelihood that the mater would be resolved.

4. In the hope that mediation would be successful, to conserve judicial resources, and to conserve the parties' resources so that they would be available for inclusion as part of a potential settlement, the parties refrained from actively litigating until mediation took place.

5. On May 5, 2010, the parties engaged Brian F. Spector to serve as mediator. The earliest date on which the parties, their counsel, and Mr. Spector were available for mediation was June 2.

6. On June 2, 2010, after twelve hours of negotiation, the parties reached and signed a settlement agreement that resolved the dispute, but which would not become irrevocably binding for fourteen days.

7. Before the fourteen-day period expired, the agreement was terminated.

8. Notwithstanding the agreement's termination, the parties continued to negotiate an amended settlement agreement until June 22, 2010, when it became clear that no settlement could be reached at this time.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2010.

                                                      /s/ Jorge Schmidt
                                                      Jorge Schmidt