UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DELTA RF TECHNOLOGY, INC.**, a
Nevada corporation

    Plaintiff,

v.                                                                                      Case No: 5:09-cv-373-Oc-10PRL

**RIIMIC, LLC** and
**COMMUNICATIONS HOLDINGS, LLC**

    Defendants.

## ORDER

This matter is before the Court on Judgment Creditor RIIMIC's Motion to Hold Delta and its President in Contempt and for Other Relief. (Doc. 122). On June 26, 2013, the undersigned held a hearing on the motion at which RIIMIC's counsel, Mark A. Goldstein, Delta's counsel, Zachary Messa, and Sarkis Kazarian, who is the President of Delta, appeared.

The instant motion arises from RIIMIC's repeated efforts to obtain post-judgment discovery from Delta. RIIMIC served its request for production of documents in November 2012. (Doc. 119). After Delta failed to respond, RIIMIC contacted Delta's trial counsel, Mr. Messsa, who advised that he no longer represented Delta in these proceedings.[1] RIIMIC then sent the request for production of documents to Mr. Kazarian. After receiving no response to its document request, RIIMIC filed a motion to compel, which the Court granted on March 15,

---

[1] Despite this statement to counsel, Mr. Messa never moved to withdraw from representation as required by Local Rule 2.03(b). Accordingly, he is still counsel of record for Delta. (Doc. 123). On June 26, 2013 (the same day as the hearing), Mr. Messa finally filed a motion to withdraw (Doc. 124), upon which the Court defers ruling unless and until the Court receives confirmation that Delta's obligations under the agreement set forth herein have been satisfied.

2013. (Doc. 121). The Court ordered Delta to respond to the document request and provide all responsive documents by March 29, 2013. At the hearing, Mr. Kazarian acknowledged receiving a copy of the Order.

Delta failed to timely comply with the Court's Order so RIIMIC contacted Mr. Kazarian who ultimately responded to the document request interposing numerous objections using the terms "decline" and "not applicable" and failed to produce any documents (Doc. 122-3). RIIMIC then filed the instant motion requesting that both Delta and Mr. Kazarian personally be held in contempt of court for failing to comply with the Court's March 15, 2013 Order. Mr. Kazarian acknowledged receiving a copy of the Order. After the Court set the motion for hearing, Mr. Kazarian provided RIIMIC with an untimely supplemental response in which he produced various documents, but continued to object to certain requests. At the hearing, RIIMIC's counsel outlined numerous deficiencies regarding the produced documents.

After hearing argument the Court recessed and allowed the parties an opportunity to confer regarding a resolution of the motion. Counsel for RIIMIC, counsel for Delta, and Mr. Kazarian ultimately agreed to the following resolution of the motion, which was confirmed on the record at the hearing (the "Agreement"):

(1) On or before **July 3, 2013,** Delta shall fully and completely produce all documents in response to RIIMIC's document request. Delta is not required to produce an unredacted version of its 2009 income tax return at this time. The parties shall promptly file a notice with the Court confirming that the documents were produced to the satisfaction of RIIMIC.

(2) Delta and Mr. Kazarian are jointly and severally liable to Mark A. Goldstein, Esquire in the amount of **$5,000.00** for attorney's fees and costs, and such payment shall be made on or before **July 3, 2013**.  The parties shall promptly file a notice with the Court advising that payment was made.

(3) Mr. Kazarian confirmed that he will personally insure that these obligations are met, both on behalf of himself and on behalf of Delta as its President.  **Failure to comply with the obligations under the Agreement may result in the imposition of more serious sanctions.**

Accordingly, RIIMIC's motion (Doc. 122) is **GRANTED** to the extent that the Court accepts and adopts the Agreement as a full and complete resolution of the motion.

**DONE** and **ORDERED** in Ocala, Florida on June 26, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties